UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR ARNDT,

       Plaintiff,                       No. 13-14863

v.                                  District Judge Patrick J. Duggan
                                       Magistrate Judge R. Steven Whalen

RAYMOND BOOKER, ET AL.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Arthur Arndt, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. Before the Court is Defendant Charles Sinclair's Motion for Summary Judgment [Doc. #12], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). Plaintiff has not filed a response. For the reasons discussed, below, I recommend that the motion be GRANTED, and that Defendant Sinclair be DISMISSED WITH PREJUDICE.

### I.   FACTS

In his complaint, Plaintiff alleges that although he suffers from hypertension, Defendants Booker and Sinclair terminated his medication, and "failed to authorize release in which to procure" treatment. *Complaint* [Doc. #1], ¶¶ 5(A)-( C ). He states that Defendant Sinclair is a Deputy Director of the Field Office Administration under the Department of Corrections in Lansing, Michigan. *Id*. ¶ 3. He alleges both and Eighth Amendment and a Fourteenth Amendment Due Process violation. He was a resident of

the MDOC's Detroit Reentry Center ("DRC").

Defendant Sinclair has submitted an affidavit in support of his Motion for Summary Judgment. He states that he is in fact the Deputy Director of Field Operations Administration for the MDOC in Lansing, and that as such, he is "responsible for the management and operation of all facilities, services, and programs in FOA and for providing investigative support, information, and sentencing recommendations to the courts in criminal cases." *Sinclair Affidavit*, ¶ 3. He states that he was not involved in the day-to-day decisions regarding DRC operations, and that he does not have access to inmates' medical records. *Id*. ¶¶ 4-5. He further states that he had no personal involvement with the Plaintiff or the decision to send him to DRC. *Id*. ¶ 6.

On April 1, 2014, the Court ordered Plaintiff to file a response to Sinclair's summary judgment motion by May 16, 2014 [Doc. #15]. Plaintiff has not filed any rebuttal affidavits, nor has he responded to Defendant Sinclair's motion.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III. DISCUSSION

The Plaintiff has nor responded to Defendant Sinclair's summary judgment motion, nor has he submitted any affidavits contradicting Sinclair's affidavit. For this reason alone, summary judgment should be granted to Sinclair. "[T]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). (Citation and internal quotation marks omitted).

In addition, Sinclair's unchallenged affidavit establishes that he had no personal involvement in Plaintiff's medical treatment. The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 96 (1976); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Moreover, in *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy supra*, at 421 (at a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act; it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Therefore, Defendant Sinclair's unopposed motion for summary judgment should be granted.

### IV.   CONCLUSION

I recommend that Defendant Charles Sinclair's Motion for Summary Judgment [Doc. #12] be GRANTED, and that Defendant Sinclair be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985);

*Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                s/R. Steven Whalen
                                                R. STEVEN WHALEN
                                                UNITED STATES MAGISTRATE JUDGE

Dated: November 7, 2014

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 7, 2014, electronically and/or by U.S. mail.

                                                s/Marlena Williams
                                                Case Manager